IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-177-D
No. 5:16-CV-368-D

| | | |
|---|---|---|
| TYREE JAMEZ BODDIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 10, 2016, Tyree Jamez Boddie ("Boddie") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 96-month sentence [D.E. 37]. On December 2, 2016, the government moved to dismiss Boddie's motion [D.E. 44] and filed a supporting memorandum [D.E. 45]. As explained below, the court grants the government's motion to dismiss.

On August 26, 2013, Boddie pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). See [D.E. 1, 25, 32]; Presentence Investigation Report [D.E. 22] ("PSR") ¶¶ 1–8. Before sentencing, the United States Probation Office prepared a PSR. The PSR stated that Boddie had a total offense level of 27, a criminal history category V, and an advisory guideline range of 120 months' imprisonment. See PSR ¶¶ 48–59. Boddie objected to the PSR and the advisory guideline range. See PSR Addendum; Transcript of Sentencing Proceedings ("Sentencing Tr.") [D.E. 31] 5–8.

On December 5, 2013, at Boddie's sentencing hearing, the court sustained one objection, reduced the total offense level to 21, and calculated the advisory guideline range as 70 to 87 months' imprisonment. See Sentencing Tr. at 25–27; Fed. R. Crim. P. 32(i)(3)(A). After considering the entire record, the arguments of counsel, and the section 3553(a) factors, this court varied upward and

sentenced Boddie to 96 months' imprisonment. See Sentencing Tr. 33–38.

Boddie appealed. On August 25, 2014, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Boddie, 582 F. App'x 177, 177–78 (4th Cir. 2014) (per curiam) (unpublished).

In Boddie's section 2255 motion, Boddie cites Johnson v. United States, 135 S. Ct. 2551 (2015), and alleges that court miscalculated his base offense level under U.S.S.G § 2K2.1(a)(4)(A) because he lacked a felony conviction for a crime of violence or a controlled substance offense. See [D.E. 37] 5–6, 10; cf. PSR ¶¶ 12, 48. Thus, Bodie wants to be resentenced. The government disagrees with Boddie and has moved to dismiss Boddie's motion for failure to state a claim upon which relief can be granted. See [D.E. 44, 45].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may

consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Johnson does not help Boddie. First, Johnson does not apply retroactively to permit collateral claims challenging sentences enhanced under the then-existing residual clause in U.S.S.G. § 4B1.2(a)(2). See Beckles v. United States, 137 S. Ct. 886, 891–92 (2017); United States v. Mack, No. 15-4684, 2017 WL 1544953, at *3 (4th Cir. May 1, 2017); United States v. Lee, No. 15-6099, 2017 WL 1476145, at *2 (4th Cir. Apr. 25, 2017). Second, and in any event, Boddie's attempted first degree burglary conviction remains a crime of violence even after Johnson. See Mack, 2017 WL 1544953, at *3; Paris v. United States, 191 F. Supp. 3d 559, 561–62 (E.D. Va. 2016). Thus, the court properly calculated Boddie's base offense level, and his claim fails.

After reviewing the claim presented in Boddie's motion, the court finds that reasonable jurists would not find the court's treatment of Boddie's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court GRANTS the government's motion to dismiss [D.E. 44], DISMISSES Boddie's section 2255 motion [D.E. 37], and DENIES a certificate of appealability.

SO ORDERED. This 4 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge

3